Richardson *v.* Richardson et als.

---

---

ABIAL  RICHARDSON,  *appellant, v.*  CAROLINE  RICHARDSON AND BARNA  A.  COOK,  *executors  of  the  last  will  of*  WARREN  B. RICHARDSON.

### *Will.　Witness.　Evidence.*

The executor of a will who takes no benefit under it, is a competent witness to its execution.

The declarations of a testator made after the execution of a will and on a different occasion, that he was induced to make the will by undue influence, are not admissible to prove the fact of such undue influence.

APPEAL from the decision of the probate court for the district of Westminster, admitting to probate the last will of Warren B. Richardson, deceased.

The cause was tried by jury at the September Term, 1860, REDFIELD, CH. J., presiding.

It appeared on trial that the instrument propounded was executed by the testator at Springfield, Vermont, on the 17th of September, 1857, in the presence of Henry Closson, Emily W. Closson, and Barna A. Cook, who subscribed their names thereunto as witnesses. The appellees having proved the execution of the will by the above named witnesses, proposed to read the same to the jury, but it appearing that Barna A. Cook, one of the subscribing witnesses, was also one of the executors named in the will, the appellants objected, but the court overruled the objection, and permitted the will to be read, to which the appellants excepted.

The appellants also gave evidence tending to show that on the morning of the 16th of September, 1857, the testator's wife, Caroline Richardson, was heard to say to the testator, " You have put it off long enough, and now you have got to go to-day and have it made," that upon the witness entering the room said Caroline stated that she " had been telling Warren to go and have a truss made," to which the testator then made no reply ; that while the testator was preparing to go that morning he asserted that he did not feel able to go, that he placed both his hands upon his abdomen and said he felt sore and lame and did not feel able to be about, that he appeared to walk with difficulty and shed tears ; that he went to Chester that day and staid that night at the house of Barna A. Cook, and on the morning of the 17th of September Barna A. Cook accompanied the testator to Springfield and to the office of Henry Closson, when and where the will was executed; that on the morning of the 18th of September the testator (having returned to Chester the night before) went to the house of his brother Thomas, and then called out his brother Silas, who was then visiting there, saying to him, " Silas, I have got something on my mind that I want to tell you. I can not let you go back west without telling you how I feel and what I have done. I have made a will, and it does great injustice to father and mother. For myself I am satisfied with the law as it stands with reference to the disposition of property. I always intended that Thomas' children should have a part of my property. I am not satisfied with my will. I made it to satisfy my wife. I am liable to sudden death, and want you should remember this conversation, but I want you should keep this talk a secret, for if my wife or Cook's folks knew what I have said to you I shall have no more peace day or night. You heard what my wife said at Putney the morning I left. It was not a truss she was speaking about, but a will ;" that during this conversation with Silas the testator was greatly affected and shed tears.

The evidence also tended to show that after the execution of the will in controversy, he was depressed in spirits, was more reserved and less sociable than before ; that he was heard talking to himself and gesticulating when no one was supposed to

be within hearing or seeing distance, and that this condition of things continued to exist until April, 1858, when he committed suicide.

At this stage of the case the counsel for the appellant stated to the court that they had no further testimony by which to prove the fact of the exercise of undue influence by the wife of the testator or by Cook, in procuring the execution of the will, except testimony of the same character as is above ·set forth, and that they did not consider that there was any testimony in the case tending to show such fact of undue influence, which it was profitable to argue to the jury, except the declarations of the testator, maαe after the execution of the will, and not on the same occasion, and the court having intimated that they should charge the jury that the testimony of such declarations was not competent evidence to establish the fact of the exercise of such undue influence, the appellant submitted to a verdict, affirming the decree of the probate court, with leave to except upon this point.

The appellant in opening his defence to the jury stated that he should rely solely upon the fact of the will being procured by the undue influence of the wife of the testator and Barna A. Cook.

*P. T. Washburn,* for the appellant.

*H E. Stoughton,* for the executors.

ɩ POLAND, CH. J. The first question, whether an executor, who takes no benefit under a will, is a good witness to its execution, seems very well settled by authority.

It was so decided in *Sears* v. *Dillingham,* 12 Mass. 358, where the precise point was before the court, and under a statute identical with our own. It is said by CH. J. PARKER in that case, that such is the English rule. And it seems to have been settled so in the case of *Phipps et al.* v. *Pitcher,* 6 Taunt. 220, (E. C. L. 1 Vol. 363,) which was a case sent to the court of common pleas from the court of chancery for their opinion on the point. The point is decided in the same way in Connecticut; *Comstock*

v. *Hodlyson*, 8 Conn. 254. Also in New Jersey ; *Dew* v. *Allen*, 1 Pennington 35. Also in Virginia ; *Coalter* v. *Bryan*, 1 Gratton 18. Also in Pennsylvania ; *Vansant* v. *Boileau*, 1 Binn. 444. The only case cited by the plaintiff as supporting the contrary is that of *Barrett* v. *Silliman*, 16 Barb. N. Y. Sup. Ct. 198, a case decided by the supreme court of the hird judicial district in New York. HARRIS, J., who gave the opinion in that case, states that by the common law the executor is not a competent witness to a will, but he cites no English case or author, to sustain him. He quotes a case from South Carolina, *Taylor* v. *Taylor*, 1 Rich. 531, and two cases from North Carolina, *Tucker* v. *Tucker*, 5 Iredell 161, and *Allison's Executors* v. *Allison*, 4 Hawks. 141, to show that in those states, an executor is held not to be a compe-tent witness to a will. But in a note by Judge PERKINS to Jarnan on Wills, 1 Vol. p. 66, these cases are cited, and it is stated that they decide that the executor is a good witness to a will disposing of real estate, but not to a will of personalty, because the statutes of those states give an executor commissions. upon the personalty, placing the executor much upon the same ground as a legatee under the will. With this explanation of these cases, they afford very little authority for the plaintiff's position under our statute.

It is held by Judge HARRIS in the same case, that the execu-tor may be rendered a competent witness, by his renunciation of his executorship. It is not very apparent how this could be, if he was not a *credible* or *competent* witness at the time, by reason of his then having an interest under the will by being named as an executor therein, for all the authorities now agree, that the validity of the will in this respect, depends upon the compe-tency of the witness at the time, and not when the will is propounded, and this seems to stand on the soundest foundation in reason.

The executor was offered as a witness to establish the execu-tion of the will, and rejected, although he offered to renounce his executorship, because he was also a trustee under the will of the bulk of the estate, and therefore interested to have the will sustained.

16

The decision excluding the executor as a witness at the trial, was proper enough for aught we can see. In *Sears* v. *Dillingham*, 2 Mass., the executor was rejected as a witness on the trial, as the court held, that being a party to the record he might be liable for costs, but that his interest arose from the liability he had taken upon himself, and not from any benefit he derived under the will.

Notwithstanding what is stated by Judge HARRIS, as to the executor not being a competent witness to the will, and after he was rejected as a witness at the trial, no question seems to have been made that the will was invalid by reason of not having been attested by a sufficient number of competent witnesses, and the court proceed to dispose of the case upon other questions, and the will was finally held invalid on two grounds: want of sufficient capacity in the testatrix, and because it was not declared by her to be her will in the presence of the witnesses, as the New York statute requires.

The questions decided appear to have been properly disposed of, but it appears they were not all treated in the most logical way by Judge HARRIS in his opinion.

If the question were new, we see no good reason why the executor is not a *credible* or *competent* witness to a will, under which he takes no interest, but is named as executor. It is at the time altogether contingent and uncertain whether he will ever be called upon to perform the duty of executor. He may die before the testator. The testator may revoke the will, or make a new one, and appoint another executor. But if it be regarded as settled at the time, that he is to be executor, the only interest he can be said to acquire is to perform a service, for which he is to receive a bare compensation, just in proportion to the service performed. This can hardly be regarded as a legal interest, by any rule that has ever been recognized in the law.

If a fixed per cent. were given by law, irrespective of the actual services performed, it would be quite a different case.

The other question, as to the effect of the testator's declarations after the execution of the will, that he was induced to

make it by the influence of his wife, was fully settled in the case of *Robinson* v. *Hutchinson*, 26 Vt. 38, upon a very full argument, and great consideration, and we think upon grounds satisfactory both in reason, and upon authority.

The judgment is affirmed, with costs in this court, and ordered to be certified to the probate court.