Moore v. Gubbins.

---

## Margaret Moore and Jeremiah Kelly, Executors of the Last Will and Testament of Bridget N. White, Deceased, v. Ellen Gubbins et al.

1. WILLS—*Decree Setting Aside, Void for Want of Parties.*—A decree setting aside a will in a suit where a legatee is not made a party is without effect as to him, and the failure to make him a party is reversible error.

2. SAME—*Previous State of the Testator's Mind.*—On the trial of an issue involving the validity of a will, it is competent to show the previous state of mind of the testator, and that the same continued past the time of the execution of the will. For that purpose the subsequent declarations of the testator regarding the will itself are competent.

3. SAME—*Declaration of the Testator.*—The previous declarations of the testator have always been admitted as affording evidence of his mental condition.

4. SAME—*Condition of the Testator's Mind—Of Making the Will.*— As mental strength and weakness are naturally of slow growth, it is manifest that the condition of one's mind a few days after the doing of an act, presents strong evidence of what it was at the time the act was done.

**Memorandum.**—Bill to contest a will. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed March 26, 1894.

The opinion states the case.

BRIEF OF PLAINTIFFS IN ERROR, F. E. MAKEEL, THOMAS E. D. BRADLEY AND W. J. WATTS, ATTORNEYS.

The proponents offered to prove declarations made by the testatrix not later than four days after the execution of the will, for the purpose of showing the state of mind of the testatrix, at and about the time of the execution of the will. They desired to show that within a few days after the will was made, the testatrix stated that she had made her will, and told how it was made, and said she was satisfied and glad she had it off her mind. Such declarations may not be admissible, perhaps, to prove the elements of the issue. They were not offered for such purpose; they were offered to prove the mental condition of the testatrix, and her knowledge of the contents of the will when it was made, and for such purposes they were admissible. Massey v. Huntington, 118 Ill. 88; Shailer v. Brunstead, 99 Mass. 112, and cases cited; Waterman v. Whitney, 11 N. Y. 157, and cases cited; Griffith v. Diffenderfer, 50 Md. 466; Davis v. Rogers, 1 Houston (Del.), 44; Harleston v. Corbit, 12 Rich. (S. C.) 604.

In order to invalidate a will on the ground of undue influence, there must be evidence of a present operating restraint at the time of making it. Rutherford v. Morris, 77

Ill. 413; Eckhart v. Flowry, 43 Pa. St. 52; Wainwright's Appeal, 89 Id. 220.

Influences which do not appear to be connected with the testamentary act are not sufficient to impeach a will. Brownfield v. Brownfield, 43 Ill. 418; McMahon v. Ryan, 20 Pa. St. 329; Guild v. Hull, 127 Ill. 532.

Competency to make a will only requires that the testator should have capacity to comprehend and act rationally in the transaction in which he is engaged. Burt v. Quisenberry, 132 Ill. 395; Campbell v. Campbell, 130 Ill. 477.

One who is capable of transacting his own ordinary business, is capable of making a valid will. Brown v. Riggin, 94 Ill. 564; Carpenter v. Calvert, 83 Ill. 62; Freeman v. Easley, 117 Ill. 317.

The circumstances that the grantor or testator is of advanced age, very infirm physically, and somewhat enfeebled in mind, is not conclusive of his incapacity to dispose of his property; that if he has capacity to comprehend and act rationally in the transaction in which he is engaged, it is sufficient. Miller v. Craig, 36 Ill. 109; Myatt v. Walker et al., 44 Ill. 485; Lindsey et al. v. Lindsey, 50 Ill. 79; Baldwin v. Dunton, 40 Ill. 188; Stone v. Wilbern et al., 83 Ill. 105.

KING & GROSS, attorneys for defendants in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is a case arising upon a bill brought to set aside the will of Bridget N. White, deceased.

One Thomas Kearns, a legatee under the will, was not made a party to the suit.

The decree rendered, setting aside the will, was therefore without effect as to him, and as to him the appellants remain executors.

The failure to make him a party is reversible error. All persons who may be injuriously affected by the decree sought should be made parties to a bill. Prentice v. Kim-

ball, 19 Ill. 320; Hopkins v. Roseclare Lead Co., 72 Ill. 373; Brown v. Riggin, 94 Ill. 560; Freeman v. Earley, 117 Ill. 317; Howell v. Foster, 122 Ill. 296.

Thomas Kearns, while neither a party in the court below nor in this court, has nevertheless here filed a disclaimer of any objection to the decree rendered by the Superior Court, and it is urged that thereby the error, existing because of the failure to make him a party, has been removed.

As the decree must be reversed for other errors, we do not deem it necessary to pass upon this question, which it is not likely will arise upon another trial.

The bill alleged that the testatrix was not, at the time she executed the will, of sound mind and memory; also that she was improperly and unduly influenced thereto by fraudulent practices, and that her signature was procured by a false representation of what the paper she signed contained.

Upon the hearing, evidence to sustain these charges having been given by the complainants, the proponents of the will offered to show statements concerning the same, made by the testatrix from two to four days after it was executed. Objection being made, counsel for the defendants stated the nature and object of the proposed evidence, as follows:

"My object is to show that Mrs. White knew what she was about; we have introduced evidence tending to show the previous state of mind of the testatrix; we now wish to show that that state of mind continued past the time of the execution of the will, and for that purpose we offer to show the subsequent declarations of the testatrix regarding the will itself."

We think that such evidence was admissible, and that the court erred in rejecting it.

Where issues such as are involved in this case are made, the declarations of the testator accompanying the act are always admissible as affording, perhaps, the most satisfactory evidence of the condition of his mind, as well as of the influences which have led him to do what he has.

The previous declarations of the testator have always been admitted as affording evidence of his mental condition.

As mental strength and weakness are naturally of slow growth, it is manifest that the condition of one's mind a few days after the doing of an act presents strong evidence of what it was at the time of the act. Shaller v. Bunistead et al., 99 Mass. 112, 120, 122; Waterman et al. v. Whitney et al., 11 N. Y. 157; Marsey v. Huntington, 118 Ill. 80–88; Boylan v. Meeker, 28 N. J. L. 274; Robinson v. Hutchinson, 26 Vt. 47; Rambler v. Tyron, 7 Sergeant & Rawle, 90.

The objection made to the questions propounded to Mrs. Railton, asking her if she did not say to Margaret Callanan various things, should have been sustained. The questions were not cross-examination.

The decree of the Superior Court is reversed and the cause is remanded.