Battle, J.
 

 The question raised in this case, is settled by-three decisions recently made in this Court; and the strong argument of the counsel for the plaintiff, has failed to convince us, that we ought to overrule them. See
 
 Tucker
 
 v. Tucker, 5 Ire. 161;
 
 Morton
 
 v.
 
 Ingram,
 
 11 Ire. 368;
 
 Huie
 
 v. McConnell, 2 Jones, 455. The latest of these- decisions, was made at Morganton, in Aug., 1855, and they are all founded upon the case of
 
 Allison
 
 v.
 
 Alison,
 
 decided in 1825, and reported in 4 Hawks. 141.
 

 An executor is now made competent to prove the execution of the will in which he is appointed, or to prove the validity or invalidity thereof. R. C. ch. 119, sec. 9. But this will was executed, the testatrix died, the will was offered for probate, and an issue of
 
 d&msmit ml non
 
 thereon was made up, all before the Revised Code went into operation. It is true, that the second section of the Act concerning the Revised Code, R. C. ch. 121, repeals all laws which are in conflict with its provisions; but the third section, exempts from the operation of such repeal, “ any act done, or any right accruing, or accrued or established, or any suit, or proceeding had, or commenced in any case, before the time when such repeal shall take effect; but the proceedings in every such case, shall be conformed, where necessary, to the provisions of the Revised Code.”
 

 By “ proceedings,” in the plural, is here evidently meant, the formal mode of conducting the “suit or proceeding,” which is in no otherwise to be affected by the repeal. Surely, it was never intended to make a will good, which was before invalid, and thus change the whole devolution of the property mentioned in such will.
 

 Per Curiam.
 

 The judgment of the Superior Court must be affirmed.