HERBERT G. LOCUST v. BEN RANDLE

Decided May 27, 1907.

1.—Interrogatories pro confesso.

Unanswered interrogatories propounded by a plaintiff to a defendant must be taken as confessed in the absence of pleading and proof which would excuse the failure to answer.

2.—Deed from Father to Son—Presumption.

Prima facie a deed from a father to his son based upon a nominal consideration, and conveying an interest in community lands after the death of the mother will be presumed to have been executed in discharge of the son's interest in the community.

3.—Probate of Will—Order Conclusive.

The order of a probate court admitting a will to probate is a judgment in every essential sense, and as such, is immune from collateral attack, and is conclusive of the matters therein adjudicated.

4.—Same—Proceeding to Set Aside—Limitation.

Where a probate order is obtained by fraud, the four year statute of limitation will not bar a direct and timely proceeding to annul the order after the discovery of the fraud.

5.—Will—Revocation—Statute.

By our statutes no written will may be revoked except by written revocation or by destruction of the will by the testator or by his order in his presence.

Appeal from the District Court of Waller County. Tried below before Hon. Wells Thompson.

*J. D. Harvey* and *Keet McDade,* for appellant.

*J. V. Meek,* for appellee.—There was no error in the action of the trial court in rendering judgment for the appellee because whatever interest George Randle owned in the sixty-two acres of land, passed to appellee by his deed, dated January 22, 1896. Sparks v. Spence, 40 Texas, 697.

The court erred in sustaining appellants special exception to appellee's original answer. McCampbell v. Durst, 73 Texas, 410; 2 Pomeroys Equity Jurisprudence. 3d ed., sec. 919; vol. 4, sec. 1377.

GILL, CHIEF JUSTICE.—Herbert G. Locust brought this suit to recover of Ben Randle an undivided interest of 31 acres in a tract of 62 acres of land. The form of the action was trespass to try title. The defendant answered by general denial and plea of not guilty.

Defendant pleaded specially that plaintiff claimed under the will of George Randle, deceased, the father of defendant. That at the time the will was executed George Randle was mentally unsound and had not the capacity to make a will, and that Locust had promised deceased and had promised defendant for a valuable consideration to destroy said will and not to probate same. That defendant did not know it had been probated until more than four years after its probate and when it was too late to set it aside by a proceeding brought directly for the purpose, and deceased died in the belief that it had been destroyed. That the will recited that Locust should care for the testator during the remainder of his life, and this the plaintiff had not done.

The trial court sustained exceptions to the parts of the answer assailing the will, and this action is the subject of cross-assignments to be disposed of hereinafter. The court sitting without a jury heard the evidence and rendered judgment for defendant. The plaintiff has appealed.

The facts as disclosed by this record are as follows: In 1875 George Randle acquired as the community property of himself and his wife, Millie, a tract of 62 acres of land, and made it their home until their death. Ben Randle, the appellee, is the only child of this marriage. Prior to October 24, 1894, Millie Randle died intestate. On the date last named George Randle executed his will naming appellant as his sole legatee.

On January 27, 1896, George Randle deeded to Ben Randle an undivided 31 acres in the 62 acre tract reciting the payment of $1.00 as the consideration, and referring to himself as "donor." George Randle died in January, 1900, and his will above mentioned was duly probated in July of that year.

Deceased being common source appellant adduced the will in support of his title. Defendant relied on his deed from his father, his contention being that he had inherited one-half from his mother and that his father's deed passed to him the other half, so that none of the tract passed by the will.

The plaintiff sought to avoid the force of this contention by proof that the father's deed was in fact executed in discharge of the son's claim to the community half of his mother. To this end he propounded to defendant interrogatories in affirmative form tending to elicit answers that the deed was so intended. The defendant refused to answer, and his refusal was formally certified by the notary. The interrogatories were adduced at the trial to be taken as confessed. The defendant made no motion to avoid the certificate and offered no proof of facts which would avoid the legal consequence of his refusal to answer. The court, however, held that defendant was an ignorant negro and did not know or realize the effect of his refusal to answer, and upon this ground refused, in arriving at his judgment, to take the questions as confessed. This action of the court is complained of as error.

We think the assignment should be sustained. It devolved on defendant to tender and establish reasons which would excuse his

failure to answer. The court's conclusion that defendant was ignorant and unaware of the consequences, or was otherwise to be excused from the ordinary consequences of his act, is unsupported by anything in this record. Bounds v. Little, 75 Texas, 316; Texas & Pac. Ry. Co. v. Winder, 31 S. W. Rep., 715; Revised Statutes, art. 2297.

The authorities seem also to support the proposition that *prima facie* a deed from the father to the son based upon a nominal consideration and conveying an interest in community lands is in discharge in whole or in part of the son's community claim. Sparks v. Spence, 40 Texas, 694 • Wilson v. Helms, 59 Texas, 680; Adair v. Hare, 73 Texas, 276.

From these conclusions it is apparent that the judgment must be reversed.

The appellee under a cross-assignment, properly presented for our consideration, contends that the court erred in sustaining exceptions to the part of his answer setting up the incapacity of the testator to make the will, the fact that it was revoked, and the testator died believing that the legatee's promise to destroy the will had been complied with, and that the reason appellee did not resist the probate of the will was that, relying on the appellant's promise to destroy the will, he did not learn of its probate until more than four years thereafter and when his right by direct proceeding to have it set aside was barred.

The order of a probate court admitting a will to probate is a judgment in every essential sense, and if there appears upon the face of the record the elements of validity it is immune from collateral attack as any other judgment. The matters therein adjudged are that the will offered for probate was in fact the last will and testament of deceased; that it was unrevoked, and that the testator at the time of its execution had the mental capacity to dispose of his property. Under our statute that is the tribunal in which these issues, and all issues affecting the validity of the proffered will, must be contested, and the burden of proof is on the proponent of the will. Revised Statutes, art. 1904; Franks v. Chapman, 61 Texas, 576; Heath v. Layne, 62 Texas, 686. That such an order is not subject to collateral attack is well established in this State. Box v. Lawrence, 14 Texas, 545; Paschal v. Acklin, 27 Texas, 174; Lewis v. Ames, 44 Texas, 319.

Notwithstanding the four year bar it would seem, however, that a probate court, like any other court, could review and set aside such of its orders as had been procured by fraud; the action therefor being direct and brought in time after the timely discovery of the fraud. Heath v. Layne, *supra.*

But, if this be the rule, it would not avail appellee, for the obvious reason that the facts averred, insofar as the revocation of the will is concerned, would not be admissible to set aside the will in a proper and timely proceeding brought for the purpose. Article 5337 of the Revised Statutes provides that no written will may be revoked except by written revocation or by destruction of the will by the testator, or by his order in his presence. This statute has been enforced

without modification. Morgan v. Davenport, 60 Texas, 230; Kennedy v. Upshaw, 64 Texas, 411.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*