Statement.

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BRUCE v. SHULER.

### November 19, 1908.

1. WILLS—*Attesting Witnesses—Competency at Attestation—Proof of Execution.*—Attesting witnesses to wills must be competent at the time of attestation. Those who took under the will were not competent at common law, and have not been made so by our statute. While a will must be attested by two competent witnesses, its due execution can be proved by the testimony of one witness, but that witness must prove all the facts required by the statute to be proved as necessary to the due execution of a will, and, among them, that it was attested by two competent witnesses.

2. WILLS—*Attesting Witnesses—Interest—Avoidance of Devise—Supernumeraries—Code, Sec. 2529 Construed.*—The words "if the will may not be otherwise proved" used in section 2529 of the Code, have reference to a case where the devisee or legatee is needed as an attesting witness to make up the number required by law, in which case he is made a competent attesting witness by the avoidance of the devise or bequest to him, and he may be also called to testify at the probate of the will. And, conversely, a will may be otherwise proved when there is an extra or superfluous attesting witness beyond the number required by the statute.

Error to a judgment of the Circuit Court of Rockingham county on a motion to probate a will, which motion was opposed. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*C. A. Hammer* and *Roller & Martz,* for the plaintiff in error.

*Sipe & Harris,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

L. H. Bruce offered for probate in the Circuit Court of Rockingham county a paper writing purporting to be the last will of Virginia Dutrow, deceased, of date April 12, 1908. Under the will Bruce was the chief beneficiary. Its probate was opposed by Sarah Shuler, the sole heir at law and distributee of the decedent.

Bruce, who offered the will for probate, was one of the two subscribing witnesses thereto, the other subscribing witness being alive and available for examination as a witness.

The circuit court refused to admit the will to probate, being of opinion that the competency of Bruce as an attesting witness was to be determined as of the date of his attestation; and that, being a beneficiary under the will and one of the two attesting witnesses required by law to the validity of the will, he came under the influence of section 2529 of the Code, which provides: "If a will be attested by a person to whom  *  *  *  any beneficial interest in any estate is thereby devised or bequeathed, if the will may not be otherwise proved, such person shall be deemed a competent witness, but such devise or bequest shall be void,  *  *  *  *  " The circuit court was of opinion that the competency of Bruce as an attesting witness was to be determined as of the date of his attestation; that the will could not be otherwise proved; that under the statute the devise or bequest to him in the will became void; and that, as a consequence, he had no interest in the probate of the will. His motion to probate the will was, therefore, dismissed. To that judgment a writ of error was awarded by this court.

Our statute (Code, sec. 2514) provides that "No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly written by the testator, the signature shall be made or the will acknowl-

edged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, but no form of attestation shall be necessary."

Under our statute, a will must be proved by two "competent" witnesses. The statute of 29 Car. II, ch. 3, sec. 5, used the word "credible," which was also employed in our statute down to 1850. It was universally agreed, however, that "credible" meant no more and no less than "competent." There was a serious diversity of opinion, however, as to the period to which the statute designed to refer the competency of the witness. Lord Camden was of opinion that it was when he attested the will (*Hindon* v. *Kersey,* 1765), 1 Bro. Adm'y & Civ. L. 284, n. (24); 4 Burn's Ecc. Law. 88; Bac. Abr. Wills (D), (III); or to the period when he was called to prove it, as Lord Mansfield held (*Windham* v. *Chetwynd,* 1 Burr. 414; *Lowe* v. *Joliffe,* 1 W. Bl. 366; *Goodtitle* v. *Welford,* 1 Dougl. 141). This doubt our statute does not resolve. It is extremely probable that with us Lord Camden's opinion would prevail. It seems that it does in England. *Holdfast* v. *Dowsing,* 2 Stra. 1254-5; *Hatfield* v. *Thorp,* 5 B. & Ald. (7 E. C. L.) 589; 1 Jarm. Wills (5th ed., 70), 2 Min. Inst. (3rd ed.), 1024.

In *Hawes* v. *Humphrey,* 9 Pick. (Mass.) 350, 20 Am. Dec. 481, the court, referring to the conflict between the great judges above mentioned, said: "Both opinions are respectively supported by other decisions, and it may be difficult perhaps to determine on which side the weight of authority preponderates. But it appears to me that the opinion of Lord Camden is sustained by the more convincing and consistent reasoning, and is more conformable to the language and apparent intention of the statute."

In Schuler on Wills (3rd ed.), sec. 353, it is said: "The disqualification of interest is that which courts have chiefly to consider where the competency of a subscribing witness is drawn in question. One who has an immediate beneficial in-

terest in a will is at the common law disqualified from becoming a subscribing witness thereto. He is neither 'competent' nor 'credible,' in the sense of the statute, and the test of competency is the state of facts when the will was made, and not when it comes into operation."

It is proper to observe that our statute, which has made so many and such radical changes with respect to the competency of witnesses, does not affect the competency of attesting witnesses to wills, deeds, and other instruments. Code, sec. 3346.

To hold that the tests as to competency should be applied at the time when the will was presented for probate, and not at the date of its execution would defeat one of the most important and salutary purposes contemplated by the statute which requires that wills shall be attested by two competent witnesses.

"The object of the statute was to prevent frauds as well as perjuries. Wills are frequently made by a testator *in extremis,* or when he is greatly debilitated by age or infirmity, when frauds may be practiced upon him with facility by the crafty and designing; and it was the intention of the statute to guard against such practices, and to protect the testator by surrounding him with disinterested witnesses at the critical and important moment when he was about to execute his will. They are to be disinterested and credible also, at the time of attestation, because in some sense they are made the judges of the testator's sanity. It is their duty to inquire into this matter, and if they think the testator not capable, they should remonstrate and refuse their attestation.

"There is another important reason for referring the credibility of the witnesses to the time of attestation rather than to the time of the probate of the will; for if the statute is to be understood as referring to the latter period, it would follow that a will attested by unexceptionable witnesses, could not be proved, if the witnesses, after the attestation and before the probate, should become insane, infamous, or otherwise disqualified,

which would be opposed to the current of the authorities; for I take it to be well settled, that in such cases the handwriting of the witnesses may be proved, and the will thereupon allowed." *Hawes* v. *Humphrey, supra.* .*Needham* v. *Borden,* 56 Minn. 33, 57 N. W. 219, 22 L. R. A. 481, 45 Am. St. Rep. 434.

*Croft* v. *Croft,* 4 Gratt. 103, is relied upon by plaintiff in error to sustain his contention. In that case Samuel Croft was one of two subscribing witnesses to the will of Lewis Croft, and was one of the devisees of a certain tract of land. The circuit court was of opinion that the statute concerning wills (1 Rev. Code, ch. 104, sec. 11, p. 377), which provides, that "if any person shall subscribe his or her name as a witness to a will, wherein any bequest is given to him or her, if the will may not be otherwise proved, the bequest shall be void, and such witness shall be allowed and compellable to appear, and give testimony on the residue of the will, in like manner as if no such bequest had been made," governs the case of a devise or bequest, whether of real or personal estate, to an attesting witness to a will. The contention of appellants was that a bequest applied only to personal estate, and that the statute therefore did not apply to a devise of lands; but the court of appeals affirmed the judgment, upon the ground that the statute applied as well to devises of real estate as to bequests of personalty; that it rendered the provision in favor of Samuel Croft null and void, and he became a competent witness to establish the will as though no such devise had been made to him.

In the case of *Davis* v. *Davis,* 43 W. Va. 300, 27 S. E. 323, decided by the Supreme Court of West Virginia, the contention of plaintiff in error is sustained. In that case the will of Charles W. Davis was attested by Mrs. Delilah Davis, to whom and whose husband devises and bequests were made. The other subscribing witness (two being required) took nothing under the will. The will was probated upon the testimony of the disinterested witness; and a bill to declare void the bequests

and devises to Mrs. Delilah Davis and her husband was dismissed, the grounds upon which the decision was placed being (1) That there were two competent witnesses at the time of the attestation of the will; (2) That a will must be subscribed, but need not be proved, by two attesting witnesses, even though the other attesting witness be alive and within the jurisdiction of the court; and hence, as in this case, the will was otherwise proved, viz., by the other attesting witness, Mrs. Davis who was not needed as a witness at the probate, and so her interest and that of her husband was not forfeited. Upon the first point, it was conceded by the court that under the West Virginia statute, which is similar to section 2514 of our Code, there must be two witnesses competent at the time of the attestation; but said the court: "The only reasonable way to construe sections 3, 18, ch. 77, of the Code (Va. Code, secs. 2514, 2529), is that the word 'competent,' as used in each one of them, refers to the separate time to which they relate; the first to the attestation, the second to the proof of the will. Mrs. Davis was competent as an attesting witness. While she was interested in the will, the testator was alive, and if the question of the attestation had arisen during his life, they were both competent to testify in relation thereto. Hence, the word 'competency,' in so far as it relates to an attesting witness, excludes the question of interest, and has reference to age, sanity and moral integrity. As used in the eighteenth section (Va. Code, sec. 2529), in relation to the proof of the will, it has reference merely to the question of beneficial interest; its object being to remove all motive for false swearing or forgery, and also the incompetency of the witness, occasioned by the death of the testator, thus throwing on the beneficiaries thereunder the burden of sustaining the will independently of their own testimony. If the will can be thus sustained, it is sustained as a whole, and not in parts, and none of the provisions are void, but all the beneficiaries take under it, even though the attesting witnesses were incompetent (i. e., to testify at the probate) on account

of interest.   *   *   *   The will is fully established by the other attesting witness."

We cannot concur in this reasoning. The will must be attested by two competent witnesses. They must be competent at the time of the attestation. Those who take under the will are not competent, were not competent at common law, and their incompetency is not relieved by statute. It is true that while a will must be attested by two competent witnesses, its due execution can be proved by the testimony of one witness; but that witness must prove all the facts required by the statute to be proved as necessary to the due execution of a will, and among them that it was attested by two competent witnesses. The will in his case was attested by Sally Williams, who subscribed to it by making her mark in place of a signature, and by L. H. Bruce, the principal beneficiary under the will. Mr. Bruce stands aside and puts forward Sally Williams as a witness to prove all that the statute makes necessary to the probate of the will. It became necessary for her to prove that it was signed by the testator, or acknowledged by him, in the presence of herself and of Bruce, who were present at the same time, and that they subscribed the will in the presence of the testator. But that is not all. She should have been required to prove that both she and Bruce were competent witnesses. Now the instant that it was made to appear that L. H. Bruce, who had subscribed the will as one of the attesting witnesses, whose attestation was essential to the validity of the will, was the same Bruce who was named as a beneficiary under the will, he could only be considered as an attesting witness by virtue of section 2529, which renders the devise or bequest to him void. This will could not be otherwise proved than by proof of his attestation, whether that proof came from his own lips or from other witnesses.

In our judgment, the true view of the statute is, that the words, "if the will may not be otherwise proved," have reference to a case where the devisee or legatee is needed as an attest-

ing witness to make up the number required by law, in which he is made a competent attesting witness by the avoidance of his interest, and he may also be called to testify at the probate of the will. And, conversely, a will may be otherwise proved when there is an extra or superfluous attesting witness, beyond the number required by the statute. 4 Va. L. Reg., 327-329; 1 Tiedeman on Real Prop., sec. 878; 1 Redfield on Wills, star. p. 258.

We are of opinion that there is no error in the judgment of the circuit court, which is affirmed. · ·

*Affirmed.*