**ATER et ux. v. MOORE. (No. 6378.)**

(Court of Civil Appeals of Texas. Austin.
April 27, 1921. Rehearing Denied
June 1, 1921.)

**I. Wills ⬤⇒384 — Sustaining of an exception to part of answer held harmless if error.**

In a contest of a will, any error in sustaining an exception to paragraph, containing averments that property was valued at $20,000 and contestants only received $5 each, was harmless, where the terms of a will were undisputed and the value of the estate was proven without controversy in the amount alleged.

**2. Wills ⬤⇒153—Advice given by third party not fraud on part of beneficiary.**

It was not fraud on the part of beneficiary under a will that a third person gave advice to testator without any inducement or solicitation on the part of the beneficiary, who had no particination whatever therein.

**3. Pleading ⬤⇒8(16) — Allegations of undue influence held mere conclusions.**

Averments in will contest that execution was procured by undue influence exerted by testator's wife, who possessed great influence over the testator, and that by her insistence and by her pleading she procured him to execute the will and to cut off contestants, were but conclusions of the pleaders and did not state facts.

**4. Wills ⬤⇒155(3) — Not undue influence for wife to plead with testator.**

It does not constitute undue influence for a wife to plead with her husband to make a will in a certain manner, nor even to insist thereon, provided her solicitations and importunities do not overthrow the will and destroy the free agency of the testator.

**5. Wills ⬤⇒277—Facts to be pleaded in will contest.**

Good pleading requires that, in stating the grounds of a will contest, facts should be averred and not conclusions, and when grounds of contest embrace fraud, duress, or undue influence, a subsequent will, revocation, or the like, such matters, not being ultimate facts but conclusions of law to be drawn from facts, must be pleaded, not in the language of the statute, but the facts relied on must be stated.

**6. Wills ⬤⇒167—Not revoked by mere expression of desire on part of testator.**

Mere expression of a desire by testator to change his will cannot have the effect of revoking it or of changing any of its provisions, in view of Rev. Civ. St. art. 7859, providing manner in which wills may be revoked.

**7. Wills ⬤⇒177—Not changed by expression of desire and unintentional deception.**

Where testator inherited money after executing his will, which he did not desire to have pass by the will, and went to his partner for advice, and the latter unintentionally deceived him by telling him that such property would not pass under the will, the will was not revoked or changed in any manner and should be probated as written.

Appeal from District Court, Lampasas County; F. M. Spann, Judge.

Contest of will of A. H. Moore, deceased, by Mr. Guy Ater and wife against Mrs. Carrie Moore. From an adverse judgment, contestants appeal. Affirmed.

W. H. Browning, of Lampasas, and G. T. Shires, of Waco, for appellants.

W. B. Abney, of Lampasas, for appellee.

BRADY, J. The appeal is from an order probating a will. The questions presented for our decision relate to the rulings of the trial court in sustaining exceptions to parts of the answer of the contestants, who are the appellants. It was alleged by contestants that by the terms of the will the entire estate of the deceased was given to Mrs. Carrie Moore, the surviving wife, and to A. H. Moore, Jr., child of the testator, A. H. Moore, by his second wife. It was further alleged that the property was of the value of $20,000, and that the will cut off the contestants with only the nominal sum of $5 each; they being children of A. H. Moore, deceased, by a former wife. The exception to the paragraph containing these averments was to the effect that they were wholly insufficient to prevent the probate of the will, because the testator had the legal right to devise his estate as he saw fit. It is urged by appellants that it was error to sustain the exception, as the plea was introductory merely, and was entitled to be considered in connection with another part of the answer alleging undue influence.

[1] It is perhaps sufficient answer to this contention to say that the plea of undue influence was itself inadequate to present any issue. It may be added that the error, if any there was in sustaining this exception, was harmless because the terms of the will were undisputed, and the value of the estate was proven without controversy in the amount alleged by appellants.

The next question to be considered is the sustaining of an exception to the fourth paragraph of contestants' plea alleging undue influence by the wife of the testator. The ground of the exception was that no facts were set forth from which any undue influence could be inferred. It is claimed for appellants that this part of the answer was entitled to be considered in connection with the previous allegations, and also with a subsequent part in which the issue of fraud was sought to be raised.

[2] An examination of the latter part of the answer discloses that the alleged fraud consisted merely in advice given the testator by a third party, and it is not claimed that this was through any inducement or solicitation of the wife, nor that she had any participation whatever in the same. Therefore the fourth paragraph had no bearing

upon the plea of fraud, and was not entitled to be considered in that connection.

[3, 4] As to the sufficiency of the plea of undue influence, it was alleged that the execution of the will was procured by undue influence exerted by the wife, who possessed great influence over the testator, and that by her insistence and by her pleading she procured him to execute such will, and to cut off contestants with only the sum of $5 each.

As we understand the law, these averments were but conclusions, and do not state facts. It does not constitute undue influence for a wife to plead with her husband to make a will in a certain manner, nor even to insist thereon, provided her solicitations and importunities do not overthrow the will and destroy the free agency of the testator. No such facts are alleged, and we think the pleading of undue influence wholly insufficient.

[5] In 40 Cyc. 1269, it is said:

"Good pleading requires that in stating the grounds of the contest facts should be averred, and not conclusions. * * * When the grounds of contest embrace fraud, duress, or undue influence, a subsequent will, revocation, or the like, such matters, not being ultimate facts but conclusions of law to be drawn from facts, must be pleaded, not in the language of the statute, but the facts relied on must be stated."

This is a fair statement of the rule obtaining in this jurisdiction. That mere pleading with a testator and insistence that he make his will in a particular way is not itself sufficient to invalidate the will, and does not constitute undue influence, see the following authorities: Berry v. Brown, 148 S. W. 1117; Smith v. Smith, 153 S. W. 918; 40 Cyc. 1144 et seq., c. 1, 3, and 7.

[6, 7] The remaining question to be decided is whether the court erred in sustaining an exception to the plea of contestants to the effect that a short time before his death A. H. Moore expressed a desire to make a change in his will, because he had inherited certain property from his father and mother, alleged to be of the value of $5,000 or more, which he desired should not pass by the will. It was also alleged in this connection that Mr. D. T. Briggs, partner of testator, who had written and prepared the will, and in whom Mr. Moore had unlimited confidence, advised Mr. Moore, in response to his questions, that the will would not convey the property which he had inherited from his father and mother since the making of the will, or that he did not think it would. It was further averred that if the testator had been correctly advised upon the legal effect of his will as to the property in question, he would have changed his will; and that he was deceived and misled by the statement of the opinion given him by Mr. Briggs, although it was not charged that Briggs intentionally deceived the testator. By reason of these facts, it was averred that, however honest the advice and opinion of Mr. Briggs might have been, it had the effect of unduly influencing the testator and of preventing him from making any change in his will, and constituted a legal fraud. The exception addressed to this pleading was in substance that the expression of the desire of the testator to change his will, and the conversations with Mr. Briggs, all occurred long subsequent to the execution of the will, and were wholly insufficient to revoke the will in any particular, as the methods of revocation of wills are provided by statute, which were not alleged to have been done.

We have carefully considered the facts pleaded upon this issue, and have reached the conclusion that the trial court ruled correctly. Article 7859, Revised Civil Statutes, provides, in effect, that no revocation of any will, nor any clause thereof nor devise therein, can be made except by a subsequent will, codicil, or declaration in writing, executed by the testator; or by the testator's destroying, canceling, or obliterating the will, or causing it to be done in his presence.

In Morgan v. Davenport, 60 Tex. 230, our Supreme Court held that a legal revocation can only be accomplished by one or more of the modes prescribed by statute. To the same effect, also, is Locust v. Randle, 46 Tex. Civ. App. 544, 102 S. W. 946. Therefore we are of the opinion that the mere expression of a desire by Mr. Moore to change his will could not have the effect of revoking it, or of changing any of its provisions. Neither do we think the facts alleged, with relation to the advice given by Mr. Briggs could have the effect of revoking the will, or of changing the legal effect of any part thereof, in so far as it may be claimed that this operated as a revocation of the will.

Independently of the question of revocation, we are also of the opinion that the facts were insufficient to prevent the probate of the will, which the record shows was executed with all the formalities and under the solemnities required by law, and it further appearing that it had never been revoked. At most, these facts show a mistake on the part of the testator as to the legal effect of his will, and this under the advice of a third party, who was a layman and whose opinion the testator had sought. It is not alleged that either of the beneficiaries under the will had brought about this mistake, or had been in any wise instrumental in so doing; and it is not even alleged that the advice was given by his partner wrongfully, or with any intention to deceive. Furthermore, the averments upon this point do not specifically exclude the notion that Mr. Moore might have sought the advice of his partner with a view of changing his will, if it did not have the

effect of conveying the property he had subsequently inherited, so as to insure that the original devisees would receive this property also; although there is a general allegation that if he had known the true effect of his will he would have changed it. Again, except for the mere general statement just mentioned, Mr. Moore might have received correct advice as to the legal effect of his will from some other source after having consulted Mr. Briggs, or he may have decided to act upon his own judgment. It is true, as we have stated, that this pleading itself contained the statement that the testator had implicit confidence in Mr. Briggs, and relied implicitly upon his judgment; and further that the testator died in ignorance of the fact that the property inherited by him after the execution of the will would pass by the will, but believed at the time of his death that at least a part of such property would go to the contestants. However, in any event, we are of the opinion that these facts do not constitute either undue influence or legal fraud, nor do they fall within any recognized ground of invalidating a will, and are wholly insufficient to deny the admission of the will to probate, as was sought to be done by contestants.

We overrule all assignments, and, no reversible error having been shown, the judgment is affirmed.

Affirmed.

