RICHARDSON et al. v. BEAN et al.*
(No. 867.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 26, 1922. Rehearing Denied Jan. 10, 1923.)

1. Wills ⬬432—Judgment of probate court, not appealed from, declaring will valid, held conclusive against collateral attack.

Where a will has been admitted to probate, and a judgment of the probate court having jurisdiction has been pronounced, declaring the will valid, and such judgment has never been canceled or set aside, it is conclusive against collateral attack in trespass to try title, on the ground that an administrator had no right to possession because the will was void, as not executed in accordance with Rev. St. 1911, art. 7857.

2. Judgment ⬬489—"Jurisdiction" defined.

On inquiry as to whether the court pronouncing judgment had jurisdiction to do so, the question is, Did the court have legal authority or power to pronounce the judgment under consideration? the term "jurisdiction," used in any such inquiry, meaning power, and if the proceedings invoking the jurisdiction of the court be sufficient for that purpose, and the power be exercised, then the court had ju-

risdiction to render the judgment, whether correct or incorrect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction.]

Appeal from District Court, Jasper County; V. H. Starke, Judge.

Trespass to try title by Maggie Richardson and husband against B. F. Bean and others, with cross-action by certain defendants. From a judgment denying recovery to plaintiffs, and also to defendants in the cross-action, and adjudging defendant named entitled to possession, plaintiffs appeal. Affirmed.

Smith & Lanier, of Jasper, for appellants.
Blake & Neel, of Jasper, for appellees.

HIGHTOWER, C. J. This was a suit by the appellants, Mrs. Maggie Richardson and her husband, W. D. Richardson, against the appellees, Mrs. Susie Richardson and her husband, A. D. Richardson, Mrs. Nancy Williams, B. F. Bean, Buna State Bank, Kirbyville State Bank, and People's State Bank, filed in the district court of Jasper county December 20, 1921, by which appellants, in the form of trespass to try title, sought to recover from the individual defendants named several small tracts of land in that county, and appellants also sought to recover from all of the named defendants certain moneys which were on deposit in the several banks named, claim to which was asserted by the defendants Mrs. Susie Richardson, Mrs. Nancy Williams, and B. F. Bean.

All defendants duly answered by general demurrer and general denial, and the individual defendants further answered to the action of trespass to try title by pleas of not guilty, and the defendant Bean specially answered, substantially, that he was appointed by the will of Mrs. Elizabeth Jones, deceased, administrator of her estate, and that he had duly qualified as such, and was administering upon said estate, which includes the property in controversy in this suit, and denied any right in appellants to recover the same or any part thereof from him. Mrs. Susie Richardson and husband and Mrs. Nancy Williams filed a cross-action against appellants, in the form of trespass to try title, for the recovery of an undivided one-half of the land in controversy, etc. This cross-action was met by a general denial and plea of not guilty on the part of appellants.

The case proceeded to trial before the court without a jury, and resulted in a judgment denying appellants any recovery, and denying recovery to the plaintiffs in the cross-action, and adjudging that the defendant Bean was entitled to the possession of the property in controversy and to administer upon the same as administrator, etc. From such

judgment, Mrs. Maggie Richardson and her husband have prosecuted this appeal.

The trial court filed findings of fact and conclusions of law, the findings of fact being unchallenged here; but the legal conclusions were duly excepted to by appellants, and are made the grounds of their assignments of error. Before referring to the legal points involved, we will make a brief statement of the undisputed facts upon which the trial court's judgment rests. The appellant Mrs. Maggie Richardson was the legally adopted daughter of one Mrs. Elizabeth Jones, who died in Jasper county, Tex., May 31, 1921, and at the time of her death Mrs. Maggie Richardson was her sole surviving heir, and, being such heir, she was entitled to recover all the property sued for in this action, unless the further undisputed facts, which we will mention, prevented such result.

At the time of her death, Mrs. Elizabeth Jones left a will, which was not wholly in her handwriting, but, instead, was typewritten, and was attested by only two witnesses, B. F. Bean and J. W. Beeler; the witness Bean being the same person as Dr. B. F. Bean, who was named in the will as administrator without bond. The will was duly offered for probate in the probate court of Jasper county, Tex., by Dr. Bean, the named administrator, on June 8, 1921, and all necessary legal proceedings were had relative to the application for probate with that end in view, and on July 14, 1921, the probate court entered its order and judgment declaring the will to be the last will and testament of Mrs. Elizabeth Jones, and adjudging the same to be valid, and granting its probate and appointing Dr. B. F. Bean administrator, as provided by the will, and he duly qualified as such administrator at the same time. There was no contest in the probate court of the application to probate the will, and the judgment of the probate court became final, and there was no appeal from such judgment. Upon the trial of this case, the appellees, over the objection of appellants, offered in evidence the will of Mrs. Jones, the application for its probate, the proof of its probate by B. F. Bean and J. W. Beeler, the order of probate, and Dr. Bean's qualification as administrator.

If the will of Mrs. Jones, as offered upon the trial, was a valid will, or if the judgment of probate had the legal effect to deny to appellants the right to successfully attack the will and judgment of probate, as they attempted to do in this proceeding, then the judgment of the trial court was correct, and should be affirmed; but if the will was void, and if the judgment of probate was not a legal bar to the right of appellants to attack the same in this proceeding, as they attempted to do, then the judgment was erroneous, and should be reversed.

Under the assignments of error attacking the will and judgment of probate, appellants submit these propositions of law:

First Proposition. "B. F. Bean, being named by the testatrix as administrator under the will and qualifying as such, is not a credible witness to the execution of the will."

Second Proposition. "The execution of a will not wholly written by the testatrix, being witnessed by only two subscribing witnesses, one of whom was an incredible witness within the meaning of the statute, the will is void, and not subject to probate."

Third Proposition. "When it is shown upon the face of the probate record that the will is a nullity, the validity of the will and judgment admitting it to probate may be collaterally attacked."

Revised Statutes 1911, art. 7857, relating to the execution of wills in this state, provides:

"Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator."

As we have shown, the will here in question was not wholly written by the testatrix, but was typewritten and was attested by only two persons, one of whom was B. F. Bean, who was named in the will as administrator. It is appellants' contention, as shown by the first proposition, that B. F. Bean was not a credible witness, for the reason that the will named him as administrator and he qualified as such. This precise point has never, so far as we are aware, been determined by the appellate courts of this state. All authorities now seem to agree that the word "credible," as used in the statute above quoted, means competent, and that, when the question is as to whether a witness to a will was a credible witness, the real meaning and inquiry is whether the witness was competent to witness the will. And all authorities now agree that the question of competency must be determined as of the time of the attestation. Bruce v. Schuler, 108 Va. 670, 62 S. E. 973, 35 L. R. A. (N. S.) 686, 15 Ann. Cas. 887, and see especially the note under that case.

The point was so decided in the following Texas cases: Nixon v. Armstrong, 38 Tex. 206; Brown v. Pridgen, 56 Tex. 124; Fowler v. Stagner, 55 Tex. 393; Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308. In each of these cases where the point was involved, the attesting witnesses were legatees or devisees under the will, and the question as to whether a person named in the will as administrator or executor would be a credible or competent witness to the will was not involved. It has been held, however, by courts in other jurisdictions, that a person named in a will as executor or administrator would not be a competent witness to the execution of the will. Morton v. Ingram, 33 N. C. 368; Gunter v. Gunter, 48 N. C. 441; Workman v. Dominick (S. C.) 3 Strob. 589. There are other

cases, perhaps, holding to the same view. We are not cited to any case, however, and have found none, which holds that a will would be void because attested by an administrator or executor named as such in the instrument, although such executor or administrator be held not to be a competent witness to the will. If, however, such a conclusion has been reached by courts of other jurisdictions, they were controlled, very probably, by the statutes on the subject in those jurisdictions.

Counsel for appellants in this case cite, as supporting the second proposition, that the will here under consideration was void because attested by B. F. Bean, who was named in the will as administrator and qualified as such, the Texas cases of Nixon v. Armstrong, Brown v. Pridgen, Fowler v. Stagner, and Kennedy v. Upshaw, supra; but it will be readily seen, upon reading those cases, that the opinion in none of them supports appellants' contention by this proposition. In Nixon v. Armstrong, all the attesting witnesses were legatees under the will, but it was expressly held that the will was not therefore void. In Brown v. Pridgen, attack was made on the court's charge to the jury, by which the jury were instructed, substantially, that the word "credible," used in our statute, meant competent. The charge was held to be correct, and that was the only point before the court in that case that could have any possible bearing in this. It was not held that, because a will might be attested by witnesses not competent for the purpose, the will would be void. In Fowler v. Stagner, one of the two witnesses to the will was a devisee, and it was held that the bequest to him must fail for that reason, but it was not held that the will was void. In Kennedy v. Upshaw, attack was made on the court's charge, because it was left to the jury to determine whether or not the attesting witnesses to the will in that case were credible persons, when such was a matter for the court to determine. In other words, it was held, in effect, that the words "credible" and "competent" mean the same. There was no intimation that, because a will might be attested by persons not competent for that purpose, the will would be void under the law of this state.

But if it should be held that under the law of this state B. F. Bean was not a credible or competent witness to the will of Mrs. Jones, because named as administrator by its terms, yet we would be inclined to hold, were it necessary to determine the point, that such incompetency would not render the will void, and we think that the holdings of our Supreme Court in Gamble v. Butchee, 87 Tex. 643, 30 S. W. 861, and Martin v. McAdams, 87 Tex. 225, 27 S. W. 255, by clear analogy, would support such holding by us. The able counsel for appellants in this case have not overlooked or ignored article 3688, R. S. 1911, which provides:

"No person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding or interested in the issue tried."

It is, however, counsel's contention that this article was not intended to apply to attesting witnesses to a will. We shall not undertake to determine the correctness of counsel's contention on this point, which, it must be conceded, is quite plausible, and yet, at the same time, it must be admitted that the language of article 3688, as just quoted, is very broad—so broad that it would seem to apply to a witness in any suit, action, or proceeding, with which the witness might be connected, unless the proceeding be one where a legatee or devisee under the terms of the will should be one of the necessary attesting witnesses. In that instance, article 4872, R. S., would govern, and such attesting witness would, under that article, be compelled to appear and prove up the will, just as if no bequest to him had been made, but the bequest to him would be held void, unless the will could be otherwise properly proved.

But in this case it is unnecessary to determine whether the witness B. F. Bean was competent to attest the execution of Mrs. Jones' will, or whether the will as attested was a valid will. As we have already shown, the will was offered for probate in the probate court of Jasper county, a court having jurisdiction over the parties and subject-matter, and all legal steps were had leading up to the judgment of probate, and the will was, by that court, adjudged to be a valid will, and that it was the last will and testament of Mrs. Jones, and its probate was ordered, and Dr. Bean was appointed administrator, as directed by the will, and he qualified as such. There was no contest of the application for probate, and there was no appeal from the judgment of probate, and it became final. The attack made by appellants upon the will and judgment probating it is admittedly a collateral one, and the point to be determined, which will be decisive of this appeal, is as to whether appellants can, by such collateral attack, go behind the solemn order and judgment of the probate court of Jasper county, admitting this will to probate.

It was decided by the Supreme Court of this state at an early date that a probate court in Texas is a court of record, and that it has general jurisdiction of all matters pertaining to the estates of deceased persons. Box, Adm'r, v. Lawrance, 14 Tex. 545; Fowler v. Stagner, 55 Tex. 393. And from this last case we quote:

"The decree of the county court of Caldwell county, admitting to probate the will of Mrs. Larremore, was the judgment of a court having general jurisdiction over the probate of wills, and is conclusive and unimpeachable upon

any collateral attack. Every presumption will be indulged in its favor. That decree will stand until set aside by a proceeding had directly for that purpose."

In that case the court cites Guilford v. Love, 49 Tex. 715; Steele v. Renn, 50 Tex. 482, 32 Am. Rep. 605; Beazley v. Denson, 40 Tex. 416. Indeed, it has been held in this state, by an unbroken line of decisions, that our probate courts are courts of record having general jurisdiction in probate matters, which includes all matters relating to the estates of deceased persons, and that the proceedings in such courts are proceedings in rem, and that the judgments and orders of such courts, where the jurisdiction has been regularly invoked, are binding and conclusive upon the world, unless appealed from and set aside, or directly attacked in the proper court by a proceeding for that purpose. Locust v. Randle, 46 Tex. Civ. App. 544, 102 S. W. 946, and authorities there cited; Orr v. O'Brien, 55 Tex. 149; Halbert v. De Bode (Tex. Civ. App.) 28 S. W. 58, and authorities there cited; Laufer v. Powell, 30 Tex. Civ. App. 604, 71 S. W. 549; Whitman v. Haywood, 77 Tex. 557, 14 S. W. 166. In that case, Judge Henry, speaking for our Supreme Court, used this language:

"All that was required was to show that an order for the probate of the will was made by the court having jurisdiction to make the order. If the evidence was not sufficient to authorize the judgment, the only way to avoid its effect was to pursue the remedies prescribed by the statute for that purpose. In a collateral proceeding the evidence upon which the will was established will not be considered, however defective it may seem."

[1] It would seem that no useful purpose would be subserved by an extended discussion on this point by this court, because all has been said on the point in the cases noted that could be said. When it is once admitted that the judgment of a probate court has been pronounced over parties and subject-matter over which the court had jurisdiction, and such judgment has never been canceled or set aside by appeal or proper proceedings for that purpose, then it follows that such a judgment as against any collateral attack from any source is impregnable, and is conclusive. Such is the attack made on the judgment of probate by appellants in this case.

[2] When the inquiry in any case is as to whether a court pronouncing judgment had jurisdiction to do so, the question is: Did the court have legal authority or power to pronounce the judgment under consideration? The term "jurisdiction," when used in an inquiry of this character, means power, and if the proceedings invoking the jurisdiction or power of the court be sufficient for that purpose, and the power be exercised over the parties and subject-matter before the court, then

it must be held that the court had jurisdiction to render the judgment, and whether the judgment was correct or incorrect, right or wrong, if not appealed from and it becomes final, the same is a complete bar against collateral attack by any party to such judgment. This is made so plain by the opinion of our Supreme Court, speaking through Justice Denman, in Templeton v. Ferguson, 89 Tex. 55, 33 S. W. 329, and also in the case of Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876, an opinion by our Supreme Court, speaking through the same justice, as to require no further comment or remarks by us.

When the application to probate the will of Mrs. Jones was filed by the administrator, Bean, in the probate court of Jasper county, the jurisdiction—the power—of that court in probate matters was thereby invoked, and the proceeding was prosecuted, admittedly, by regular steps, and resulted in a final judgment of that court, which declared the will in question to be valid, and ordered its probate, and such judgment was never appealed from, nor has it been otherwise attacked by any direct proceeding for that purpose, and it cannot now be collaterally attacked, as attempted by appellants in this suit.

It follows, if these conclusions be correct, that the judgment below should be here affirmed, and it has been so ordered.