# Richmond

W. M. SALYERS AND JOHN SALYERS v. MATTIE SALYERS.

November 24, 1947.

Record No. 3246.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Staples, JJ.

The opinion states the case.

*S. H. & Geo. C. Sutherland*, for the appellants.

*G. Mark French*, for the appellee.

HUDGINS, C. J., delivered the opinion of the court.

The only question presented by this appeal is whether an executor named in the will is a competent attesting witness.

This question turns on the construction of the pertinent statutes.

The mandatory provisions of section 5229 of the Code of 1919, regarding the execution of a non-holographic will, are that "the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator * * * ."

A competent witness to a will is a person who, at the time of making the attestation, was qualified to testify in court to facts which he attests by subscribing his name to the will. 2 Words and Phrases, p. 1362; Ballentine's Law Dic., p. 249; 28 R. C. L. 133.

Section 3345 of the Code of 1887, in broad, comprehensive terms, removed every disqualification of the competency of persons as witnesses because of interest or because such persons were parties to the litigation. Sections 3346 through 3349 of the same Code qualified the broad terms of section 3345 and defined certain exceptions to the competency of witnesses. The pertinent provision of section 3346 was that "* * * the competency of attesting witnesses to wills, deeds, and other instruments, shall be determined by the law in force the day before this Code takes effect."

This provision continued in force the disqualification of attesting witnesses to wills, prescribed in the Code of 1849, and carried in the Code of 1887 as sections 2529, 2530 and 2531. Ch. 122 of the Code of 1849 contains provisions regarding wills and deals with the qualification of attesting witnesses under the following subhead and sections:

"*Competency of witnesses to will.*

"Sec. 19. If a will be attested by a person to whom, or to whose wife or husband, any beneficial interest in any estate is thereby devised or bequeathed, if the will may not be otherwise proved, such person shall be deemed a competent witness, but such devise or bequest shall be void, except that, if such witness would be entitled to any share

of the estate of the testator, in case the will were not established, so much of his share shall be saved to him as shall not exceed the value of what is so devised or bequeathed.

"Sec. 20. If a will, charging any estate with debts, be attested by a creditor, or the wife or husband of a creditor, whose debt is so charged, such creditor shall, notwithstanding, be admitted a witness for or against the will.

"Sec. 21. No person shall, on account of his being an executor of a will, be incompetent as a witness for or against the will."

The Code revisors of 1919 adopted section 6208, which contains the same broad comprehensive language, relating to the competency of witnesses, set forth in section 3345 of the Code of 1887 and omitted all qualifications of that section which were stated in sections 3346 to 3349 of the Code. The number of exceptions and disqualifications as to the competency of witnesses was reduced and they were couched in different language in a new section numbered 6209. None of these is pertinent to the present discussion.

The Code revisors, in their note to this section, stated that, in removing practically all disqualifications as to the competency of witnesses, they believed that the limited qualifications set forth in section 6209, "together with the great safeguard of cross-examination, would be ample protection for the estates of persons laboring under disability or who are incapable of testifying. In the business affairs of life all evidence bearing upon the question at issue is received and considered by the business world, and it seemed proper that the same rule should obtain in courts of justice which are enforcing rights arising out of such business transactions."

Judge Burks, one of the Code revisors, in an opinion rendered for the court in *Epes v. Hardaway*, 135 Va. 80, at 87-8, 115 S. E. 712, said: "At the time of the revision of 1919 there were also various other disqualifications, or limitations upon the competency of witnesses. Felons could not, as a rule, testify unless pardoned or punished, and a person

convicted of perjury could not testify although pardoned or punished. Code 1904, section 3898. Legatees and devisees under a will, to which they were subscribing witnesses, were restricted as to the amount they could take under the will, if the will could not be otherwise proved. Code 1904, section 2529. There were various restrictions on the rights of husbands and wives to testify for or against each other in civil and criminal cases. Code 1904, section 3346a.

"Such was the condition of the statute law of the State when the revisors undertook to make 'material changes in the law governing the competency of witnesses to testify,' so as to remove 'practically all disqualifications,' and permit the courts to hear 'all evidence bearing on the question at issue' just as is usual 'in the business affairs of life.' In pursuance of this policy the law with reference to the testimony of those convicted of felony or perjury was changed so as to declare that 'conviction of felony or perjury shall not render the convict incompetent to testify, but the fact of conviction may be shown in evidence to affect his credit.' Code, section 4779. See also section 4495. *The law with reference to the competency of legatees and devisees as attesting witnesses was changed so as to relieve them of the forfeiture under the old law.* Code, section 5244, and notes." (Italics supplied.)

The repeal of the section containing the qualifications of legatees and devisees as witnesses to wills, as set forth, clearly indicates that it was the intention of the Code revisors to authorize legatees and devisees to be competent attesting witnesses to the signature of the testator, notwithstanding the fact that the will designated them as beneficiaries thereunder. The broad and comprehensive language used in section 6208 removed all disqualifications of witnesses based on interest. Creditors of estates and executors are necessarily included unless other statutes, either in express terms or by necessary inference, make them incom-

petent. There is no statute which disqualifies either a creditor or executor in express terms.

The contention is that the inference from the readoption of the following sections renders an executor incompetent as an attesting witness:

"*Sec. 5244. Creditors also competent.*—If a will charging any estate with debts be attested by a creditor, or the wife or husband of a creditor whose debt is so charged, such creditor shall notwithstanding be admitted a witness for or against the will.*

"*Sec. 5245. Also executors.*—No person shall, on account of his being an executor of a will, be incompetent as a witness for or against the will."

The only authority cited in support of this contention is an article published in VI Va. Law Reg. (N. S.) 407. Even in this article, it is conceded that, under the provisions of section 5244, a creditor is competent to attest the signature of the testator although the will charges the estate with the payment of debts. It follows that the readoption of the provisions of section 5244 has no significance. It neither restricts nor enlarges the competency of a creditor as an attesting witness. Any doubt of his competency is removed by the provisions of section 6208.

The contention is confined to the effect of the readoption of the provisions regarding the competency of executors as attesting witnesses. It will be noted that in the Code of 1849 the provision regarding executors is grouped with the provisions regarding legatees and devisees, and creditors, under the subhead, "Competency of witnesses to will;" and

---

*"Revisors' note.—Section 2529 of the Code of 1887 was on the subject of the competency of devisees and legatees, their wives or husbands, as attesting witnesses to wills. This section, which was construed in *Bruce* v. *Shuler*, 108 Va. 670, 62 S. E. 973 [35 L. R. A. (N. S.) 686], has been omitted and thereby repealed, as a result of which the competency of attesting witnesses to wills is now governed by section 6208, this section and the following section. The exceptions to the rule that interest does not disqualify no longer exist, and section 3346 of the Code of 1887 has been omitted and thereby repealed. See revisors' note to section 6209."

that the head notes of the Code of 1919 are: *"Section 5244. Creditors also competent,"* and *"Section 5245. Also executors."*

The object of these statutes, as originally enacted, was not to limit the competency of witnesses or disqualify them but to remove disqualifications which then existed. One section defines the class of persons to be affected thereby— namely, creditors—and specifically provides that a creditor may be a *"witness for or against the will."* The other section defines another class—namely, executors—and provides that an executor shall not "be incompetent as a *witness for or against the will."* While the language describing the two classes of persons is different, the language stating what they may be competent to do is the same. There is nothing to indicate that the revisors of the three codes and the legislature approving the recommendations intended for the same language to mean one thing in one section and another thing in the section immediately following.

The only decision dealing with this specific question we have been able to find is *Riddell* v. *Johnson,* 26 Gratt. (67 Va.) 152, 186. The facts were that a testator bequeathed certain bonds to Thomas S. Bocock, the scrivener of the will, and named Albert Thornhill the executor. Thornhill was one of three subscribing witnesses. On the trial defendants, the heirs of the testator, objected to the competency of Thornhill as a witness on the ground that he was one of plaintiffs, named as executor, qualified as such and was interested in the litigation.

The only interest bequeathed Thornhill was that, in a codicil, he was directed to collect sufficient funds, from the receipts of bonds held by Bocock, to pay the debts of the estate and the executor's commissions on collections made by him. The objections were overruled and the trial court permitted the witness to testify. On appeal, this court said: "With regard to the question raised as to the competency of Albert Thornhill to testify in the cause, we think there is no error in the ruling of the Circuit Court. By express

statute, he is not incompetent by reason of his being executor: and it does not appear that he had any such interest in the establishment of the codicil as would disqualify him as a subscribing witness."

The court construed section 21 of ch. 122 of the Code of 1849, then in force, to mean that an executor was a competent attesting witness. Our research discloses that this case has been frequently cited on other questions decided, but that its holding on the competency of an executor as an attesting witness has never been overruled or even criticized. It is presumed that the Code revisors of 1887 and the Code revisors of 1919 were cognizant of the holding in this case and, by retaining the statute in the same language, intended for it to be construed as set forth therein.

The article in VI Va. Law Reg. (N. S.) 407, cites the case of *Bruce* v. *Shuler*, 108 Va. 670, 62 S. E. 973, 35 L.R.A. (N. S.) 686, in support of its contention that an executor is incompetent as an attesting witness. The case does not support this contention. The facts were that Bruce offered for probate a will in which he was named the chief beneficiary and was one of two attesting witnesses. The trial court refused to probate the will. On appeal, in an opinion by Judge Keith, it was held that the decision of the case turned upon the construction of section 2529 of the Code of 1887. This is the section dealing with the competency of a legatee or devisee under a will. On this point, it was said: "The will must be attested by two competent witnesses. They must be competent at the time of the attestation. Those who take under the will are not competent, were not competent at common law, and their incompetency is not relieved by statute. It is true that while a will must be attested by two competent witnesses, its due execution can be proved by the testimony of one witness; but that witness must prove all the facts required by the statute to be proved as necessary to the due execution of a will, and among them that it was attested by two competent witnesses."

The opinion made no reference to the statute dealing with the competency of an executor as an attesting witness; nor have we found any other Virginia case, published since the Code of 1849 was adopted, holding that an executor was incompetent as an attesting witness.

The argument advanced in VI Va. Law Reg. (N. S.) 407, is criticized and rejected in XII Va. Law Rev. 434.

The common law rule disqualifying all witnesses who were interested in or parties to the litigation was based on the presumption that interest biased the mind of the witness and tended to the commission of perjury. Even under this rule the decisions in the majority of states hold that the interest of an executor is so small or so contingent that it is not sufficient to render him incompetent as an attesting witness to the will. *Goodtitle* v. *Welford*, 1 Dougl. 139; *Bettison* v. *Bromley*, 12 East 249; *Comstock* v. *Hadlyme Ecclesiastical Soc.*, 8 Conn. 254, 20 Am. Dec. 100; *Sears* v. *Dillingham*, 12 Mass. 358; *Lippincott* v. *Wikoff*, 54 N. J. Eq. 107, 33 A. 305; *Geraghty* v. *Kilroy*, 103 Minn. 286, 114 N. W. 838; *Richardson* v. *Richardson*, 35 Vt. 238; *Panaud* v. *Jones*, 1 Cal. 488; *In re Dillon's Estate*, 3 N. J. Misc. 784, 130 A. 245; *Meyer* v. *Fogg*, 7 Fla. 292, 68 Am. Dec. 441; Note 15 Am. & Eng. Anno. Cas., p. 789; *Hayden* v. *Hayden*, 107 Neb. 806, 186 N. W. 972, 25 A. L. R. 305; 1 Page on Wills (Lifetime Ed.), p. 596; 28 R. C. L. 136.

Among the cases *contra*, see *Smith* v. *Goodell*, 258 Ill. 145, 101 N. E. 255; *Jones* v. *Grieser*, 238 Ill. 183, 87 N. E. 295, 15 Am. & Eng. Anno. Cas. 787; *Scott* v. *O'Connor-Couch*, 271 Ill. 395, 111 N. E. 272, L.R.A. 1916D, 179.

An executor is the party selected by the testator to disburse or distribute the property of which the testator may die seized and possessed. For this service, after qualification, he is allowed reasonable compensation depending upon the size of the estate and the trouble he may have in complying with the wishes of the testator. It is apparent that the interest of the executor, as such, is very small compared with the interest of the devisee or legatee. It is illogical to hold

a legatee, devisee or creditor competent as an attesting witness and to hold an executor incompetent because of his interest in the property passing by the will. To so hold would be against the trend of modern legislation and decisions and would render executors named in wills the only class of witnesses incompetent to attest wills.

Dean Ribble, in 2 Minor on Real Property, 2d Ed., sec. 1164, expressed his views on the subject as follows:

" 'No person,' says the statute, 'shall, on account of his being an *executor* of a will, be incompetent as a witness for or against the will.'

"It has been suggested (VI Va. Law Reg. 407), because of the change in the language used in the above statute dealing with executors, that an executor while incompetent to testify *for or against* a will is incompetent to *attest* it. Since the only reason an executor was ever debarred as an *attesting witness* was because of *interest* and, since all disqualifications as to *interest* have been removed, such a view seems now untenable. There appears to be no good reason why an executor is not competent to *attest* a will."

See I Harrison on Wills, p. 202; 25 Mich. Law Rev. 243; XXVI Columbia Law Rev. 369.

The decree of the trial court, admitting the will to probate on the testimony of the executor as an attesting witness, is affirmed.

*Affirmed.*